IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS RAYMOND BLEICHER )
) No. 16-1886
)
v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff seeks review of the decision denying him social security disability benefits pursuant to Title II of the Social Security Act, 42 U.S.C. 1318-1383. Plaintiff claims disability due to mental and physical impairments. Following a determination of disability in 2007, Defendant determined that he was no longer disabled as of September 1, 2014. The decision was upheld, and an Administrative Law Judge ("ALJ") issued an unfavorable decision following a hearing. The Appeals Council denied Plaintiff's request for review. The parties' Cross-Motions for Summary Judgment are now before the Court. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.     STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

II. THE PARTIES' MOTIONS

Plaintiff argues that the ALJ improperly disregarded the opinions of treating primary care physician Dr. Myers, and examining consultant Dr. Fronzaglia. He also contends that there is substantial evidence that he is unable to perform the work noted in the residual functional

2

capacity ("RFC") stated by the ALJ; that the ALJ disregarded the testimony of the vocational expert ("VE") and relied on an incomplete hypothetical; and improperly evaluated Plaintiff's subjective complaints.

### A. Drs. Myers and Fronzaglia

"Although opinions from a consultative examiner must be considered, the ALJ is free to reject some of those opinions or to reject them outright as long as he sufficiently explains his decision, and does not reject the opinions for no reason or for the wrong reason." Scott v. Colvin, No. 13-cv-00671, 2014 U.S. Dist. LEXIS 105212, at *21 (W.D. Pa. Aug. 1, 2014). As regards a treating physician's opinion, its weight depends on the analysis of several factors, including the length, nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record evidence, and any specialization of the physician. 20 C.F.R. § 416.927.

> [W]here . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Similarly, … the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r of Soc. Sec., 403 Fed. Appx. 679 (3d Cir. 2010) (citations omitted).

When assessing the weight to be assigned medical opinion, "the ALJ is not required to 'use particular language or adhere to a particular format,' …and instead is required to provide enough explanation of his findings to permit meaningful judicial review." Walck v. Comm'r of Soc. Sec., No. 15-00687, 2016 U.S. Dist. LEXIS 107297, at *21 (M.D. Pa. Aug. 15, 2016) (citation omitted); Laverde v. Colvin, No. 14-1242, 2015 U.S. Dist. LEXIS 125808, at *9 n.3 (W.D. Pa. Sep. 21, 2015). As well, of course, a treating physician's opinion regarding functional capacity is not binding on the ALJ; the ultimate decision is reserved for the ALJ.

Chandler v. Commissioner of Soc. Sec., 667 F. 3d 356, 361 (3d Cir. 2011). The ALJ may properly rely upon selected portions of a medical opinion while rejecting other parts, so long as he explains his decision. Weber v. Massanari, 156 F. Supp. 2d 475, 483 (E.D. Pa. 2001).

Contrary to Plaintiff's suggestion, the ALJ did not merely substitute his own opinion for uncontroverted medical evidence. Instead, the ALJ sufficiently explained her approach to the opinion evidence. As regards Dr. Myers, the ALJ noted his status as a treating primary care physician, and determined that his opinion would be afforded little weight as not well supported by the medical evidence. The ALJ observed that Dr. Myers' opinion was based largely on Plaintiff's PTSD and cardiomyopathy, but that he does not specialize in cardiology or psychiatry. Further, the ALJ stated that Dr. Myers based his opinions on Plaintiff's symptom reports, but that Dr. Myers' treatment notes do not document significant complaints of fatigue, weakness, and anxiety to support his opinions of various marked limitations. A cardiologist, Dr, Shilling, also reviewed the record and opined that Plaintiff had no limitations or restrictions based on normalizing condition. As regards Dr. Fronzaglia, the ALJ gave little weight to her opinion that Plaintiff had marked limitations in social interaction and responding appropriately to work changes and situations. The ALJ noted that Plaintiff was agitated and angry at his appointment with Dr. Fronzaglia, but had no other problems with anger at other medical and therapy appointments. The ALJ further noted that the agency reviewing psychologist felt that Plaintiff was able to meet the basic mental demands of competitive work on a sustained basis. Under the applicable standard of review, I find no error.

## B. Residual Functional Capacity ("RFC")

Next, Plaintiff challenges the ALJ's RFC. In particular, Plaintiff contends that there is "substantial evidence that Plaintiff is not able to physically perform the work noted" in the RFC.

4

The mere presence of evidence inconsistent with the RFC, however, does not undermine the ALJ's determination. In this regard, Plaintiff refers, for example, to the ALJ's misinterpretation of evidence that new steps and shed were installed at Plaintiff's home; Plaintiff himself, he asserts, did not do the physical work involved. Accepting that the ALJ misinterpreted the extent of Plaintiff's involvement, that misinterpretation itself did not provide a factual basis for the RFC. Instead, the ALJ specifically considered the misinterpreted facts in the narrow context of analyzing subjective factors, rather than as support for a particular limitation or lack thereof. Moreover, while Plaintiff complains that mental health evidence was ignored, the RFC in fact limits Plaintiff to no work-related interaction with the public, occasional and supervision interaction with co-workers, and only occasional supervision, along with a low-stress work environment, no production pace work, and only occasional and routine change in work setting. Plaintiff fails to explain how these limitations fail to address credibly established medical conditions or impairments. Plaintiff's contentions in this regard are rejected.

### C. VE Testimony

Plaintiff then argues that when asked to consider various restrictions imposed by Dr. Myers, such as restrictions on reaching and bilateral grasping, the VE indicated that the limitations would eliminate jobs. However, as discussed supra, the ALJ did not err in his analysis of Dr. Myer's opinion alongside the entire record, including the other medical opinion evidence. Therefore, the extent to which the hypotheticals posed to the VE incorporated Dr. Myer's limitations is of no moment. I find no error in that regard.

### D. Subjective Complaints

Finally, Plaintiff contends that the ALJ erred in his treatment of Plaintiff's credibility. An ALJ is charged with the responsibility of determining credibility. Smith v. Califano, 637 F.2d

968, 969 & 972 (3d Cir. 1981). The ALJ must consider "the entire case record" in determining the credibility of an individual's statements. S.S.R. 96-7p, 1996 SSR LEXIS 4. An ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." Id. I must defer to the ALJ's credibility determinations unless they are not supported by substantial evidence. Smith, 637 F.2d at 972. Again, Plaintiff refers to the ALJ's incorrect interpretation of his role in installing new steps and shed at his home, as well as the existence of medical opinion that supported Plaintiff's complaints. The ALJ, however, considered the entire record, and provided specific reasons for his credibility assessment, in addition to mistaken interpretation that Plaintiff had engaged in physical labor. The decision is adequate in this respect.

## CONCLUSION

In conclusion, under applicable standards of review, the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

Dated: 2/15/18

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS RAYMOND BLEICHER )
) No. 16-1886
)
    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

**ORDER**

AND NOW, this 15th day of February, 2018, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's is GRANTED.

                                            BY THE COURT:

                                            _/s/ Donetta W. Ambrose_

                                            Donetta W. Ambrose
                                            Senior Judge, U.S. District Court